UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEMARIO MARCELLIS BUCHANAN,

        Petitioner,

v.

JOHN DAVIDS,

        Respondent.
_____/

Case No. 1:19-cv-290

Honorable Janet T. Neff

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

# Discussion

## I. Procedural Background

Petitioner DeMario Marcellis Buchanan is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Michigan. On May 15, 2015, Petitioner pleaded *nolo contendere* in the Muskegon County Circuit Court to second-degree murder in violation of Mich. Comp. Laws § 750.317, lying to an officer during a criminal investigation in violation of Mich. Comp. Laws § 750.479c, felon in possession of a firearm in violation of Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) in violation of Mich. Comp. Laws § 750.227b. On February 14, 2017, the court sentenced Petitioner as a habitual offender-fourth offense, Mich. Comp. Laws § 769.12, to concurrent sentences of 18 to 35 years for murder, 5 to 15 years for felony in possession, and 3 to 15 years for lying to an officer. Those sentences were to be served consecutively to a sentence of 2 years for felony-firearm.

On April 11, 2019, Petitioner filed his habeas corpus petition raising three grounds for relief, as follows:

I. The prosecution engaged in prosecutorial misconduct and Petitioner's trial counsel rendered ineffective assistance by colluding and conspiring to a wrongful plea.

II. The prosecution failed to properly disclose exculpatory DNA and material evidence prior to plea and thereafter.

III. Appellate counsel failed to raise constitutional claims that would have exonerated Petitioner.

(Pet., ECF No.1-1, PageID.20.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he has not exhausted his three habeas issues in the state appellate courts. Instead, he is raising the issues for the first time in this Court and, at the same time, in the trial court by way of a motion for relief from judgment.[1] (Pet., ECF No. 1-1, PageID.18-22.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

---

[1] Petitioner raised an ineffective assistance of counsel claim on his direct appeal (Pet., ECF No. 1, PageID.2); however, it appears to be a different claim than the collusion and conspiracy claim he raises in this petition (*Id.*, PageID.6).

Petitioner has at least one available procedure by which to raise the issues he has presented in this application: a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner is presently pursuing his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must pursue his motion for relief from judgment in the Muskegon County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 2, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, December 31, 2018. Accordingly, absent tolling, Petitioner would have one year, until December 31, 2019, in which to file his habeas petition.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions—petitions where some claims are exhausted and some are not—without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[2]

The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming

---

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

*Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Petitioner's motion seeking that relief (ECF No. 3) will be denied.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application should be dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied.

The Court will enter an order and judgment consistent with this opinion.

Dated: August 8, 2019    /s/ Janet T. Neff
                        Janet T. Neff
                        United States District Judge